**Judith EVENSON, Plaintiff,**

v.

**NORTHWEST AIRLINES, INC.,
Defendant,**

**Equal Employment Opportunity Commission, Intervenor.**

**Civ. A. No. 3961.**

United States District Court
E. D. Virginia,
at Alexandria.

March 17, 1967.

A. Andrew Giangreco, Alexandria, Va., for plaintiff.

Klagsbrunn & Hanes, Washington, D. C., Boothe, Dudley, Koontz, Blankingship & Stump, Alexandria, Va., of counsel, for defendant.

C. Vernon Spratley, U. S. Atty., Norfolk, Va., for intervenor.

### ORDER AND MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

Upon consideration of the pleadings, evidence, argument of counsel and authorities cited in support of their respective contentions, the Court is of the opinion that the motions to dismiss filed by the defendant ought to be denied, and

It Is So Ordered.

This suit was brought under § 706(f), Title VII of the 1964 Civil Rights Act, § 2000e–5 of Title 42, U.S.C., by a former stewardess of Northwest Airlines alleging that she had been forced to resign from the defendant's employ by reason of discrimination due to her sex.

The defendant, Northwest Airlines, Inc., moved to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted, and for improper venue.

The United States Equal Employment Opportunity Commission, by the Attorney General of the United States, moved to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. The motion was granted and the United States participated in the hearing and filed a written brief in support of its position.

The facts, so far as these motions are concerned, are not in dispute. Before becoming a stewardess in Northwest's employ the plaintiff was required to and did sign a pre-employment contract agreeing to resign upon marriage or, failing to resign, agreeing to be dismissed upon marriage. The gravamen of her complaint is that males performing the same duties as a stewardess are

neither forced to resign or are dismissed upon marriage.

The plaintiff was stationed at the Washington National Airport; she requested a transfer to Seattle in June of 1965. She was informed by the company that her request would be recognized in seniority order when a vacancy occurred. Her seniority number was then 362. Another stewardess, whose seniority number was 443, sought a transfer to Seattle.

The plaintiff, pursuant to the terms of her pre-employment contract, gave Northwest notice that she was being married and submitted her resignation on July 31, 1965, to become effective August 15, 1965. (She did not withdraw her June request to transfer from Washington to Seattle.) On August 1, 1965 the stewardess with less seniority was transferred to the Seattle office.

On October 25th the plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission alleging her forced resignation constituted an act of discrimination based upon sex. Northwest Airlines was officially informed of this complaint on November 16, 1965. Subsequently E.E.O.C. found there was "reasonable cause" to believe that Northwest Airlines had engaged in a discriminatory employment practice prohibited by Title VII of the Civil Rights Act of 1964.

Two letters were sent to the plaintiff and one was sent to Northwest Airlines by E.E.O.C., all dated January 3, 1966. The first letter advised the plaintiff that E.E.O.C. had found "reasonable cause" in her case and that the Commission would attempt to eliminate the practice by conciliation, as provided for in the Act. The second letter (under the same date) advised her that conciliation efforts had failed and informed her that she had a right to institute suit within thirty days from the receipt of the said letter. (The instant suit was filed January 20, 1966.)

The January 3rd letter addressed to the defendant informed Northwest there

was reasonable cause to believe the company had engaged in an unlawful employment act and that an E.E.O.C. conciliator would get in touch with them. This letter goes on to state that the complaint was filed during the early stages of the administration of the Act and the Commission has been unable to conciliate the matter within the sixty-day period provided for by § 706 of the Act.

No one from E.E.O.C. contacted Northwest in person re conciliation until on or about January 20, 1966.

The plaintiff lived in Arlington, Virginia, and was stationed at the Washington National Airport prior to and on August 15, 1965. (Both are within this judicial district.) Her trip records are maintained at Northwest's branch at the Washington National Airport. Northwest's home office and principal employment records are in Minneapolis, Minnesota. The plaintiff tendered her resignation to her supervisor at the Washington National Airport. She flew out of the Washington National Airport until the date her resignation became effective, August 15, 1965.

Northwest, in pressing its motion to dismiss, contends that the suit was prematurely filed; that the Commission, under the Civil Rights Act, must attempt to secure voluntary compliance by means of conciliation before the Court can entertain the plaintiff's suit.

■ E.E.O.C. admits that its case load and lack of trained employees prevented it from a formal scheduling for conciliation proceedings within sixty days from receipt of the plaintiff's complaint. All they have to do under the Act is to show that voluntary compliance has not been accomplished within the said sixty-day period. To require more would be to deny a complainant the right to seek redress in the courts, resulting wholly from circumstances beyond her control.

■ We agree with the position taken by E.E.O.C. One of its representatives discussed this complaint with a representative of Northwest prior to December 16, 1965 for the purpose, among oth-

ers, of urging the company to comply with the Act.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, provides as follows:

"(a) Whenever it is charged * * * by a person claiming to be aggrieved * * * that an employer * * * has engaged in an unlawful employment practice, the Commission shall furnish such employer * * * with a copy of such charge and shall make an investigation of such charge * *. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. * * *

* * * * * *

"(e) If within thirty days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than sixty days * * *), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought * * *."

■■ We do not read this language to conclude that Congress intended that E.E.O.C. had to exhaust all means of conciliation prerequisite to the institution of a civil suit by an aggrieved party. To the contrary, the statute expressly provides that the Commission shall employ informal methods of conference, conciliation and persuasion in its endeavor to eliminate the prohibited prac-

tice. "To endeavor" means to attempt or to undertake.

Section 2000e–5(e) of the Act expressly gives the aggrieved party the right to sue if the Commission has been unable to obtain voluntary compliance with this subchapter.

Absent dismissal, Northwest urges us to transfer this case to Minneapolis or Seattle. Venue of Title VII cases is covered by 42 U.S.C. § 2000e–5(f). It reads as follows:

"Each United States district court * * * shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice * * *."

■■ Upon the findings in this case, we hold the alleged unlawful employment practice was committed within this District. The plaintiff at the time of her forced resignation was working out of the Washington National Airport which is well within the confines of this judicial district. Even if we were to agree with the defendant that the plaintiff's relevant employment records were in Minneapolis, which we do not find, such a finding would not require transfer to the district court encompassing Minneapolis.

The Clerk will send a copy of this order and memorandum opinion to all counsel of record.