Douglas QUARLES and Ephraim Briggs

v.

PHILIP MORRIS, INCORPORATED, a Virginia Corporation, Local 203 of the Tobacco Workers International Union, an unincorporated association, Wallace Mergler, President of Local 203 of the Tobacco Workers International Union, Defendants.

Civ. A. No. 4544.

United States District Court
E. D. Virginia,
Richmond Division.

April 11, 1967.

---

Henry L. Marsh, III, Hill, Tucker & Marsh, Richmond, Va., Jack Greenberg, Leroy D. Clark, New York City, for plaintiffs.

Edward F. Butler, Conboy, Hewitt, O'Brien & Boardman, New York City, Lewis T. Booker, Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., for Philip Morris, Inc.

Beecher E. Stallard, Richmond, Va., for Local 203 of Tobacco Workers International Union.

## MEMORANDUM OF THE COURT

BUTZNER, District Judge.

The plaintiff brought this action on his own behalf, and on behalf of other Negroes similarly situated, under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq.; 28 U.S.C. § 1343; and 42 U.S.C. §§ 1981 and 1983.

The defendants have moved to dismiss for lack of jurisdiction because prior to the institution of this suit, there was no endeavor by the Equal Employment Opportunity Commission to conciliate the claim of the individual plaintiffs.

Title 42 U.S.C., Section 2000e–5(a) provides:

"Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such employer, employment agency, or labor organization (hereinafter referred to as the 'respondent') with a copy of such charge and shall make an investigation of such charge, provided that such charge shall not be made public by the Commission. If the Commission shall determine after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such endeavors may be made public by the Commission without the written consent of the parties, or used as evidence in a subsequent proceeding. Any officer or employee of the Commission, who shall make public in any manner whatever any information in violation of this subsection shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned not more than one year."

Section 2000e–5(e) provides:

"If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, or (2) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs or security. Upon timely application, the court may, in its discretion, permit the Attorney General to intervene in such civil action if he certifies that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsection (b) of

this section or the efforts of the Commission to obtain voluntary compliance."

The plaintiff Quarles complained in writing to the Equal Employment Opportunity Commission in September 1965 and the intervenor Briggs filed his complaint in August 1965.

On November 18, 1965, the Executive Director, Equal Employment Opportunity Commission, wrote Quarles:

"The Equal Employment Opportunity Commission, after finding reasonable cause to believe that Title VII of the Civil Rights Act of 1964 has been violated, directed conciliation of the matters specified in the attached letter.

"This is to notify you that the conciliation efforts of the Commission have not achieved voluntary compliance with Title VII of the Civil Rights Act of 1964.

"Under Section 706(e) of the Act, you may within thirty (30) days from the receipt of this letter commence a suit in the Federal District Court. In the event you are unable to retain counsel, the Federal Court is authorized, in its discretion, to appoint an attorney to represent you. If you decide to institute suit, and find you need such assistance, you may take this letter, along with the enclosures, to the Clerk of the Federal District Court nearest to the place where the alleged discrimination occurred, and request that a Federal District Judge appoint counsel to represent you.

"Enclosed in this letter are (1) a copy of your charge and (2) a copy of the letter to the respondent containing the finding of reasonable cause by the Commission. These documents should be given to your lawyer in the event you decide to sue the respondent.

Since your case was presented to the Commission in the early months of the administration of Title VII of the Civil Rights Act of 1964, the Commission was unable to undertake extensive conciliation activities. Additional conciliation efforts will be continued by the Commission."

The Executive Director also wrote Philip Morris, Inc.:

"This will inform you that, after investigation, the Equal Employment Opportunity Commission has determined that there is reasonable cause to believe that you have engaged in an unlawful employment practice within the meaning of Section 703 of the Civil Rights Act of 1964 with regard to the following matters:

"Mr. Quarles and other similarly situated Negro employees have been refused transfers into other departments because of their race.

"A conciliator appointed by the Commission will contact you to discuss means of correcting this discrmination and avoiding it in the future.

"Under Section 1601.24 of the Procedural Regulations of the Equal Employment Opportunity Commission, 'Nothing that is said or done during and as a part of the endeavors of the Commission to eliminate unlawful employment practices by informal methods of conference, conciliation, and persuasion may be made a matter of public information by the Commission without the written consent of the parties, or used as evidence in a subsequent proceeding.'

"Since the charges in this case were filed in the early phase of the administration of Title VII of the Civil Rights Act of 1964, the Commission has been unable to conciliate the matter during the sixty-day (60) period provided in Section 706. The Commission is, accordingly, obligated to advise the charging party of his right to bring a civil action pursuant to Section 706(e). In order to avoid the possibility of litigation prior to the time that conciliation is concluded, the Commission will contact you as soon as possible for the purposes of effecting voluntary compliance.

We are hopeful that you will cooperate with us in achieving the objectives

of the Civil Rights Act and that we will be able to resolve the matter quickly and satisfactorily to all concerned."

On January 3, 1966 similar letters were written concerning Briggs.

Quarles filed his suit on November 18, 1965. Briggs was permitted to intervene on May 3, 1966.

Two federal district courts recently have reached different conclusions about jurisdictional prerequisites for institution of an action under Title VII of the 1964 Civil Rights Act.

Dent v. St. Louis-S. F. R. R. Co., 265 F.Supp. 56, N.D.Ala., Mar. 10, 1967 held that the Commission's endeavor to eliminate unlawful employment practices by conference, conciliation, and persuasion, required by 42 U.S.C. § 2000e–5(a), was a jurisdictional prerequisite to the institution of a civil action by an employee.

Evenson v. Northwest Airlines, Inc., 268 F.Supp. 29, E.D.Va. (Alexandria Div.), Mar. 17, 1967, reaches a contrary conclusion.

■ This court is persuaded to follow the rule stated in *Evenson*. There Judge Oren R. Lewis said:

"Northwest, in pressing its motion to dismiss, contends that the suit was prematurely filed; that the Commission, under the Civil Rights Act, must attempt to secure voluntary compliance by means of conciliation before the Court can entertain the plaintiff's suit.

"E.E.O.C. admits that its case load and lack of trained employees prevented it from a formal scheduling for conciliation proceedings within sixty days from receipt of the plaintiff's complaint. All they have to do under the Act is to show that voluntary compliance has not been accomplished within the said sixty-day period. To require more would be to deny a complainant the right to seek redress in the courts, resulting wholly from circumstances beyond her control.

"We agree with the position taken by E.E.O.C. One of its representatives discussed this complaint with a representative of Northwest prior to December 16, 1965 for the purpose, among others, of urging the company to comply with the Act.

[The court then quoted pertinent portions of 42 U.S.C. §§ 2000e–5(a) and (e).]

"We do not read this language to conclude that Congress intended that E.E.O.C. had to exhaust all means of conciliation prerequisite to the institution of a civil suit by an aggrieved party. To the contrary, the statute expressly provides that the Commission shall employ informal methods of conference, conciliation and persuasion in its endeavor to eliminate the prohibited practice. 'To endeavor' means to attempt or to undertake.

"Section 2000e–5(e) of the Act expressly gives the aggrieved party the right to sue if the Commission has been unable to obtain voluntary compliance with this subchapter."

■ It is apparent that Quarles and Briggs did all within their power to exhaust their administrative remedies. Complaints were made to the Commission in writing. Quarles filed suit and Briggs intervened only after they were advised by the Commission in writing that "conciliation efforts of the Commission have not achieved voluntary compliance with Title VII of the Civil Rights Act of 1964."

The Commission also stated that it had been unable to undertake "extensive" conciliation and it would make "additional" efforts.

■ Quarles and Briggs fully complied with 42 U.S.C. § 2000e–5. They are not required to prove what efforts, if any, the Commission made to conciliate. Indeed, § 2000e–5(a) severely restricts information concerning conciliation.

■■ The plaintiff is not responsible for the acts or omissions of the Commission. He, and the members of his class, should not be denied judicial relief

because of circumstances over which they have no control. The plaintiff exhausted administrative remedies and satisfied the requirements of the Act by filing a complaint with the Commission and awaiting its advice. He is not required to show that the Commission has endeavored to conciliate. To insist that he do so, would require him to pursue an administrative remedy which may be impossible to achieve. If the Commission makes no endeavor to conciliate, the remedy is ineffective and inadequate.

In this circuit the rule is clear. Judge Sobeloff wrote, in Marsh v. County School Bd. of Roanoke Co., Va., 305 F.2d 94, 98 (4th Cir. 1962):

"The requirement that a plaintiff shall exhaust his administrative remedies before applying for judicial relief presupposes that the remedy to which he is referred is an effective one. As we said in McCoy v. Greensboro City Board of Education, 283 F.2d 667, 670 (4th Cir. 1960), 'It is well settled that administrative remedies need not be sought if they are inherently inadequate or are applied in such a manner as in effect to deny the petitioners their rights.' "