Joseph P. MOODY, Theodore Daniels, Henry Hill and Arthur Mitchell, Plaintiffs,

v.

ALBEMARLE PAPER COMPANY, United Papermakers and Paperworkers, A.F.L.–C.I.O. and Halifax Local No. 425, United Papermakers and Paperworkers, A.F.L.–C.I.O., Defendants,

Equal Employment Opportunity Commission, Intervenor.

Civ. No. 989.

United States District Court
E. D. North Carolina,
Wilson Division.

July 5, 1967.

J. LeVonne Chambers, Charlotte, N. C., Conrad O. Pearson, Durham, N. C., T. T. Clayton, of Clayton & Ballance, Warrenton, N. C., Jack Greenberg, Robert Belton, LeRoy D. Clark, New York City, for plaintiffs.

Francis V. Lowden, Jr., Paul M. Thompson, of Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., Julian R. Allsbrook, of Allsbrook, Benton, Knott, Allsbrook & Cranford, Roanoke Rapids, N. C., for defendant Albemarle Paper Co.

Bonner D. Sawyer, Hillsborough, N. C., James B. Ledford, Charlotte, N. C., Warren Woods, Washington, D. C., for defendants United Papermakers and Paperworkers, A.F.L.–C.I.O. and Halifax Local No. 425.

Monica Gallagher, Francis H. Kennedy, Jr., Louis Lucas, Dept. of Justice, Washington, D. C., for intervenor.

MEMORANDUM

OPINION and ORDER

LARKINS, District Judge:

Plaintiffs bring this action on their own behalf and on behalf of other Negroes similarly situated under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging violations by their employer, their local union, and the defendant international union of their rights to equal employment opportunities. Jurisdiction in this Court is provided by the Act and by 28 U.S.C. § 1343.

Several motions have been filed by the defendants and are now before the Court for ruling. Within 20 days of service of the complaint, the local union moved to dismiss the action or in lieu thereof to quash the return of service of the summons upon the grounds that service had been improperly made and that the complaint fails to state a claim against the local union upon which relief may be granted. In a separate motion filed on the same date, and within 20 days of service upon it, the international union likewise moved to dismiss the action or in lieu thereof to quash the return of summons upon the grounds that service was improperly made and that the complaint fails to state a claim upon which relief against it may be granted. The employer, Albemarle Paper Company, has filed a Motion for Summary Judgment upon the following grounds: (1) that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted, for the reason that plaintiffs have not exhausted their administrative remedies before the Equal Employment Opportunity Commission as is required by Section 706(e) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e); (2) that the complaint fails to state a claim upon which relief may be granted in a class action. Oral argument was presented at a hearing requested by the parties, and numerous briefs and memorandums of law have been submitted in support of the parties' respective positions. The

objections to the sufficiency of service of process upon the local union and the international union were withdrawn at the hearing, leaving for decision the jurisdictional questions and that of whether the complaint states a claim for relief as to each defendant.

The Court is of the opinion that only one of the motions, that of the international union, has merit. Jurisdictional prerequisites for institution of an action under Title VII of the Civil Rights Act of 1964 have been the subject of much recent litigation. See, e. g., Hall v. Werthan Bag Corp., 251 F.Supp. 184 (M.D. Tenn.1966); Dent v. St. Louis-San Francisco Rwy. Co., 265 F.Supp. 56 (N.D. Ala.1967); Robinson v. Lorillard, Civil Action No. C–141–G–166 (M.D.N.C. 1967); Quarles v. Phillip Morris, Inc., 271 F.Supp. 842 (E.D.Va.1967); Evenson v. Northwest Airlines, Inc., 268 F. Supp. 29 (E.D.Va.1967); Anthony v. Brooks, Civil Action No. 9947 (N.D.Ga. 1967); Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir., May 3, 1967). From a reading of the foregoing cases, it appears that the better rules regarding jurisdictional prerequisites and the propriety of entertaining an action under Title VII are as follows:

■ 1. *Subject Matter Jurisdiction.* After an aggrieved party has filed a written complaint with the Equal Employment Opportunity Commission and has received notice from the Commission that voluntary compliance within sixty days from receipt of the complaint by the Commission has not been effected, no further formal efforts toward conciliation by the Commission are necessary to open the district courts to a private civil action by the complainant against a respondent named in the charge theretofore filed with the Commission. To the extent that *Dent,* supra, is inconsistent with this ruling, it is disapproved and not followed.

2. *In Personam Jurisdiction.*

■ (a) *Parties Plaintiff:* All potential parties plaintiff in a class action seeking relief under the Act are not required to have all joined in as a group or class in the prior written complaint to the Commission. This Court approves and adopts the rationale of *Hall,* supra, in this respect.

■ (b) *Parties Defendant.* Although, as indicated, all *plaintiffs* in a class action under the provisions of Title VII are not required individually to exhaust their administrative remedies before the Commission where some members of the class have already done so, it is a quite different matter as to who may be made a party *defendant*: a plaintiff or a class of plaintiffs may institute a civil action in federal district court under Section 706(e) of the Act against only an employer, employment agency, or labor organization which was a respondent named in the charge filed with the Commission. Whether this be treated as a question of subject matter jurisdiction or personal jurisdiction, the requirement that all defendants be named in the charge filed with the Commission goes to the competence of a district court to entertain the action in respect to the party in question (international union), as defined in clear language of the statute. *Mickel v. South Carolina State Employment Service,* supra. The contention that the local union is the agent of the international union is without merit, the records indicating that the local is merely affiliated with the international and enjoys an autonomous existence. This is insufficient to establish responsibility of the international for any alleged unlawful conduct on the part of the local.

ORDER

It is therefore ordered that the Motion to Dismiss filed by Halifax Local No. 425, United Papermakers and Paperworkers, A.F.L.–C.I.O. be, and the same is hereby denied;

It is further ordered that the Motion of United Papermakers and Paperworkers, A.F.L.–C.I.O. (International) to dismiss be, and the same is hereby allowed;

It is further ordered that the Motion for Summary Judgment filed by Albe-

marle Paper Company be, and the same is hereby denied.

It is further ordered that the Clerk shall serve copies of this Memorandum Opinion and Order upon all counsel of record.

Let this Order be entered forthwith.