Edgar U. HOOVER, Plaintiff,

v.

OPPORTUNITIES INDUSTRIALIZA-
TION CENTER OF THE ROA-
NOKE VALLEY, INC., et al.

Civ. A. No. 71–C–91–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 5, 1972.

John W. Carter, Carter & Wilson,
Danville, Va., for plaintiff.

B. Purnell Eggleston, Eggleston, But-
ler & Glenn, Roanoke, Va., for defend-
ants.

OPINION AND JUDGMENT

DALTON, District Judge.

This action is brought under Title VII
of the Civil Rights Act of 1964, Title 42
U.S.C.A. § 2000e.

Plaintiff is a caucasian male previously employed by the Opportunities Industrialization Center of the Roanoke Valley, Inc. (O.I.C.) The plaintiff was hired on February 19, 1968, as a job placement supervisor and was discharged on June 25, 1968. He subsequently filed charges against the O.I.C. before the Equal Employment Opportunity Commission (EEOC) alleging that he had been discriminated against on account of his race. The primary function of the O.I.C. is to find employment for members of the negro race, and its Board of Directors and employees are predominately members of the negro race. The plaintiff asserted before the EEOC that certain negro subordinates, Charles A. Davis, Evelyn Pullen and Winston A. Leonard (defendants in this action) conspired to seek his discharge by making false complaints against him. As a result of these complaints, plaintiff alleged that another defendant, Julian R. Moore, executive director of O.I.C., discharged plaintiff on June 25, 1968, and replaced him with someone else, Charles A. Davis, a negro. Plaintiff also alleged that he was denied a fair hearing before the Personnel Committee of O.I.C. because of his race. Upon investigation, the EEOC concluded on May 28, 1971, that plaintiff's race was a factor in his discharge and in the Personnel Committee's approval of his discharge, in violation of Title VII of the Civil Rights Act of 1964. Conciliation was attempted and the plaintiff consented to a proposed conciliation agreement. The O.I.C., however, rejected the proposed agreement, and plaintiff filed a complaint in this court on July 30, 1971, prior to receiving notification by the EEOC of failure to conciliate. A notice of his right to sue within thirty days was received by the plaintiff on August 12, 1971, subsequent to the filing of his civil action. The defendants then filed a motion to dismiss for failure to state a claim. A pre-trial conference was held and a court order issued permitting plaintiff to amend his complaint, which he did on April 28, 1972. The defendants restated their motion to dismiss, since the action was not brought within thirty days after receipt of the "right to sue" letter by plaintiff. It is alleged that this error is jurisdictional and not now subject to amendment.

The sole issue before the court today is whether the plaintiff must obtain a notice of failure of conciliation from the EEOC before proceeding in court and whether proceeding in court prior to obtaining such notice is grounds for dismissal?

The law on this point was unsettled until 1968, when a district court in Indiana ruled on this issue and others in Cox v. United States Gypsum Co., 284 F.Supp. 74 (N.D.Ind.1968), mod. and aff. 409 F.2d 289 (7th Cir. 1969). Since then, this case has been cited frequently as the leading authority on interpretation of the "notice of failure of conciliation", section 706(e) of the Civil Rights Act. The pertinent portion of the statute reads as follows, Title 42 U.S.C.A. § 2000e–5(e):

> If within thirty days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with the subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * *.

The Commission has interpreted this section in light of Title 42 U.S.C.A. § 2000e–5(a) which provides:

> Whenever it is charged in writing under oath by a person claiming to be aggrieved * * * If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful

employment practice by informal methods of conference, conciliation, and persuasion.

The rules adopted by the Commission also state in 29 C.F.R. Sec. 1601.25a:

(b) Notwithstanding the provisions of subsection (a) of this section, the Commission shall not issue a notice pursuant to section 1601.25 prior to a determination under section 1601.19 (determination of probable cause) or, where reasonable cause has been found, prior to efforts at conciliation with respondent, except that the charging party or the respondent may upon the expiration of 60 days after the filing of the charge or at any time thereafter, demand in writing that such notice issue, and the Commission shall promptly issue such notice to all parties.

A realistic construction of 42 U.S.C.A. § 2000e–5e has evolved: (1) the Commission is not required to give notice of inability to obtain voluntary compliance immediately upon expiration of sixty days. (2) After the expiration of sixty days and until agreement has been reached the charging party may demand and obtain issuance of the notice, whether or not the Commission has made any effort at conciliation. (3) Until such demand, the Commission may carry on efforts to obtain an agreement and may delay giving the notice of inability as long as it sees fit. See Choate v. Caterpillar Tractor Company, 402 F.2d 357 (7th Cir. 1968), footnote 6, page 361; and Johnson v. Seaboard Air Line Railroad Company, 405 F.2d 645, 652 (4th Cir. 1968); and the Commission's rule, 29 C.F.R. Sec. 1601.25a(b).

In *Cox*, on an action under the Civil Rights Act of 1964, in which employees claimed they were laid off due to sex discrimination, the district court held, *inter alia*, that where plaintiffs, who brought an action under the equal employment opportunity subchapter of the Civil Rights Act of 1964 had not received notice of failure of conciliation from the EEOC and it did not appear that notice had been requested, jurisdic-

tional prerequisite was lacking. Cox v. United States Gypsum, supra, 284 F. Supp. 83. The Seventh Circuit Court of Appeals affirmed this decision, but modified it so that it was not a judgment upon the merits against any plaintiff and would not prejudice plaintiffs' commencement of a timely action. Cox v. United States Gypsum, supra, 409 F.2d 291, 292.

█ The cases agree that no civil action may be maintained unless the aggrieved party has first filed a charge against the defendant before the EEOC, and the charge is filed within ninety (90) days of the alleged discrimination. Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir. 1967); Cox v. United States Gypsum Company, supra; Bowe v. Colgate-Palmolive Co., 272 F.Supp. 332 (S.D.Ind. 1967); Moody v. Albemarle Paper Co., 271 F.Supp. 27 (E.D.N.C.1967); Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D.La.1967); Anthony v. Brooks (N.D.Ga.1967); Quarles v. Philip Morris, Inc., 271 F.Supp. 842 (E.D.Va. 1967); Dent v. St. Louis-San Francisco Ry. Co., 265 F.Supp. 56 (N.D.Ala.1967); Hall v. Werthan Bag Corp., 251 F.Supp. 184 (M.D.Tenn.1966). In the present case, the plaintiff complied with the ninety day requirement.

The cases are in disagreement over the need for the EEOC to actually attempt conciliation. In *Cox*, 284 F.Supp. supra at 81, the court pointed out that in Dent v. St. Louis-San Francisco Ry. Co., 265 F.Supp. 56 (N.D.Ala.1967) the court held that actual efforts to conciliate the dispute were a prerequisite to any court action. The court in *Cox* also pointed out that in Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D. La.1967); Moody v. Albemarle Paper Co., 271 F.Supp. 27 (E.D.N.C.1967); Quarles v. Philip Morris, Inc., 271 F. Supp. 842 (E.D.Va.1967) and Evenson v. Northwest Airlines, Inc., 268 F.Supp. 29 (E.D.Va.1967) the courts held that actual efforts at conciliation were unnecessary prior to filing suit, since the ag-

**660**

grieved party could not be held responsible for the actions of the Commission.

After studying all past cases on the issue and the legislative history of the Civil Rights Act, the court concluded as follows in *Cox, supra,* 284 F.Supp. 83:

Having carefully examined all the law relied upon by the parties and other pertinent material, the Court finds that a notice of failure of conciliation is a necessary pre-requisite to suit in the Federal Court. This is particularly true where the Commission's rule provides that such notice may be obtained on request any time after termination of the sixty (60) day period. Both the statutes and regulations provide for such notice. The statute provides that it 'shall' issue after a maximum of sixty (60) days, and the regulations provide that it 'shall' issue after sixty (60) days upon request by either party. The notice of failure of conciliation provides an important link in the legislative scheme. The statutory period of limitations commences with the receipt of such notice. The statute itself provides that a civil action may be brought within thirty (30) days after such notice. Without it, the Court has no jurisdiction to hear the complaint.

Only in exceptional circumstances may this requirement be waived. If a plaintiff can state that he waited sixty (60) days, and properly demanded that such notice be issued but that the Commission failed or refused to issue the notice, then a suit might be commenced. That is not the situation here, however. In this case the plaintiffs never received the notice and never alleged that they asked for it. Their complaints must therefore be dismissed. * * *

On appeal, the circuit court stated in *Cox, supra,* 409 F.2d 291, that "although plaintiffs were in a position immediately to demand and obtain notice from the commission, so that notice may be no more than a formality under the circumstances of this case, we think it is an important formality." The court found

it important since Congress limited the period within which an action may be begun to thirty days. "An official act, such as notification by the commission, is less open to question than an act of a party which he may or may not intend to be final." *Cox, supra,* 409 F.2d 291.

■■ This case differs from *Cox* in that a "right to sue" letter was sent to plaintiff thirteen (13) days after he instituted action in the district court. In *Cox,* notice of failure of conciliation was never issued. Cox v. United States Gypsum Company, supra, 284 F.Supp. 80. The "right to sue" letter sent to plaintiff by the EEOC was notice of failure of conciliation, and the plaintiff was given 30 days within which to institute a civil action in the appropriate district court. Since an action had recently been commenced prior to receipt of this letter, the plaintiff was within the statutory period of limitations which commenced with the receipt of such notice. This court agrees that a notice of failure of conciliation is a necessary prerequisite to suit in the federal court. However, when notice is forthcoming subsequent to the filing of a complaint in the federal court, but prior to any trial on the merits, such notice shall relate back to the original filing date of the complaint. In this instance, the court does not consider a thirteen day difference between filing of the complaint and receipt of notice of right to sue so significant as to bar a trial of this case on the merits. Technically speaking, plaintiff should not have filed his complaint prior to receiving notice, which he could have requested before filing pursuant to the Commission rules as stated in 29 C.F.R. Sec. 1601.25a. No evidence of any such request having been made by the plaintiff is shown here. But notice was received shortly after filing of the complaint, which distinguishes the present case from *Cox,* where notice was never received or requested.

Since the plaintiff does appear to have a legitimate grievance and an amendment to the complaint was permitted by

court order on April 28, 1972, so that the complaint now states a cause of action, the filing of the complaint prior to receipt of notice, which was shortly forthcoming, is not sufficient grounds for dismissal of the plaintiff's complaint.

Accordingly, defendant's motion to dismiss is hereby denied and the complaint will be heard in a trial on the merits.