**LOCAL UNION NO. 329, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, et al., Plaintiff,**

v.

**SOUTH ATLANTIC AND GULF COAST DISTRICT OF the INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, Defendant.**

Civ. A. No. 68-G-135.

United States District Court
S. D. Texas,
Galveston Division.

Dec. 13, 1968.

Michael Crawford, Houston, Tex., and Gabrielle A. Kirk, New York City, for plaintiff.

Bryan Williams, Jr. (Royston, Rayzor & Cook), Galveston, Tex., for Galveston Maritime Association.

Arthur Mandell and S. Norman Sorrell (Mandell & Wright), Houston, Tex., for ILA Locals 307 and 1576.

Warner F. Brock (Brock & Williams), Houston, Tex., for South Atlantic & Gulf Coast District, ILA (and Local 851, International Longshoremen's Association).

Joseph Tita and Marvin D. Nathan, Houston, Tex., for Civil Liberties Union (amicus curiae).

David W. Zugschwerdt, Equal Employment Opportunity Commission, Washington, D. C., for Equal Employment Opportunity Commission (amicus curiae).

## MEMORANDUM AND ORDER

NOEL, District Judge.

Plaintiff in this action, Local 329, is an all-negro local of the International Longshoremen's Association (ILA). On June 8, 1966, pursuant to § 706(a) of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5(a), a member of the Equal Employment Opportunity Commission (EEOC) commenced the administrative action which resulted in this litigation by filing a charge with the Commission. The president of plaintiff had previously complained to the commissioner concerning the alleged violations that formed the basis for the charge. The party charged was the South Atlantic and Gulf Coast District of the ILA, and the charge was

the maintenance of segregated locals and segregated work gangs in Galveston, Texas. The charge alleged that Locals 329 and 851 are all-negro, Locals 307 and 1576 are all-white, and that "while members of Local 307 and Local 851 work on the same ships, they work in segregated work gangs."

Almost a year later, on March 23, 1967, the Commission found reasonable cause to believe that the District was in violation of Title VII of the Act, as a result of the conditions and practices alleged in the charge. Finally, on October 10, 1968, the Commission advised plaintiff, in a so-called 30-day letter, that conciliation efforts in the matter had failed to achieve voluntary compliance, but that plaintiff could institute suit within thirty days if it wished. This action was then filed by Local 329 and by all of its members as a class. The District was named as respondent. The other three Galveston locals (ILA Locals 307, 851, and 1576), and the Galveston Maritime Association and its constituent members, the stevedoring concerns operating in Galveston, were named by plaintiff in the complaint and designated as "necessary parties" but not as respondents. For convenience, such parties will be referred to as "necessary parties" herein.

The "necessary parties" appeared and promptly moved to be dismissed because they had not been charged before the Commission, citing § 706(e) of the Act, 42 U.S.C. § 2000e–5(e), which provides in part that a civil action may "be brought against the respondent named in the charge." Cf. Cox v. United States Gypsum Co., 284 F.Supp. 74, 76 (N.D.Ind. 1968). Plaintiff then filed a motion to dismiss these same parties. At a pretrial hearing, all motions to dismiss were granted. Three pretrial hearings have been held, numerous exhaustive briefs have been filed, and the case is now before the Court on plaintiff's motion for a preliminary injunction and for an evidentiary hearing on this issue. For the reasons that follow plaintiff's motion is denied, and further action in this matter is stayed as hereinafter provided pending

exhaustion by plaintiff of its administrative remedies before the Equal Employment Opportunity Commission.

While the four "necessary parties" have been dismissed, inherent in plaintiff's motion for a preliminary injunction is the question of whether the dismissed parties are in fact necessary parties. Thus, the first issue is that of joinder. The differing policies of the Civil Rights Act and the Rules of Civil Procedure are involved. Their application here can be assessed most fruitfully by considering first whether the "necessary parties" are nevertheless persons who should be "joined if feasible" under Rule 19(a) and whether it is feasible to order their joinder, and second if joinder is not feasible whether this Court should proceed without them.

Under Rule 19(a) of the Federal Rules of Civil Procedure, a court must order the joinder of certain designated persons if joinder is feasible. In particular, the rule requires the joinder of a person who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest * * *." The relief sought by plaintiff in this action, the elimination of discrimination in membership and hiring practices on the Galveston wharves, strikes at the heart of the existence and practices of those designated as necessary parties by plaintiff, the stevedores and the other ILA locals. Plaintiff chose an appropriate term when it called them "necessary parties." They deserve to be "joined if feasible."

Determining feasibility is quite straightforward. The "necessary parties" were dismissed by this Court because as to them plaintiff had failed to exhaust its administrative remedies. To exhaust those remedies, plaintiff need only submit a charge under oath to the EEOC accusing them of the violations charged in this suit. See 42 U.S.C. § 2000e–5(a). If within 30 days thereafter (or 60 days if the Commission determines that "further efforts to secure voluntary

compliance are warranted"), the Commission has failed to obtain voluntary compliance, "the Commission *shall* so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge \* \* \*." 42 U.S.C. § 2000e–5(e) (emphasis added). If the Commission fails to issue the 30-day letter, the charging party or the respondent may demand that the letter issue. 29 CFR § 1601.25a(b); see Cox v. United States Gypsum Co., supra, 284 F.Supp. at 80. Plaintiff thereupon can commence a civil action, 42 U.S.C. § 2000e–5(e), which surely on motion would be consolidated with the present one. Thus plaintiff can pursue its administrative remedies and return to this Court in at most a few days more than two months. To require that plaintiff abide by the statutory requirements is appropriate and reasonable. It is feasible for this Court to order the joinder of the "necessary parties," pursuant to the procedure established in the Civil Rights Act.

Plaintiff argues, however, that because the Taft-Hartley injunction will expire on December 20, 1968,[1] the respondent and the "necessary parties" are likely to enter into a new four-year contract perpetuating the current discriminatory practices before plaintiff has had time to exhaust its administrative remedies. Therefore, it is argued, the delay that must accompany a joinder order renders the joinder of the "necessary parties" not feasible. There are three answers to this contention. In the first place, the assertion is novel, to say the least, that private individuals may by contract destroy the power of a court to effectuate its judgments. This is particularly true in the instant case, where all parties to the contract can be brought before the Court, and where the enforcement provisions of the statute empower the Court to "enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate \* \* \*." 42 U.S.C. § 2000e–5(g).

A second and equally important reason to dismiss plaintiff's objection is its failure to show itself entitled to accelerated relief. The charge that resulted in this litigation was first filed with the Commission over 30 months ago at the behest of plaintiff. At any time after the first 60 days, plaintiff could have demanded issuance of a 30-day letter and thereupon instituted suit. 29 CFR § 1601.25a(b). Even if the Act required plaintiff to wait until the Commission had found probable cause, plaintiff is guilty of laches for having delayed over a year and a half after that determination before commencing suit. Plaintiff has slept on its rights, and cannot now be heard to demand that the requirements of law be relaxed.

Finally, if plaintiff is allowed to proceed without the joinder of the "necessary parties," it must be at the sacrifice of one of the prime purposes underlying Title VII of the Civil Rights Act. That purpose, which was to give the Commission an opportunity to achieve voluntary compliance "through conference, conciliation, and persuasion," finds particular expression in the jurisdictional statute permitting civil suit only against persons named in a charge before the Commission. 42 U.S.C. § 2000e–5(e).[2] Admittedly, the persons desig-

---

1. Although the contract between the longshoremen and stevedores has expired, the unions have been enjoined from striking pursuant to the Taft-Hartley law. 29 U.S.C. § 178. Counsel have stated at pretrial in this matter, however, that negotiations are continuing, and that it is possible that a contract agreement may be reached before plaintiff could exhaust its remedies before the EEOC. The existence of the Taft-Hartley injunction raises interesting questions concerning the power of this Court to frame possibly inconsistent injunctive relief. As plaintiff is not entitled to injunctive relief at the present stage of this litigation, however, these questions may be left unresolved.

2. The quoted language appears in Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 497 (5th Cir. 1968). In discussing the policy underlying the structure of Title VII Judge Bell continued: "The filing

nated as "necessary parties" here have not been charged before the EEOC with any violation of Title VII. The record is devoid of evidence that they had any part in the proceedings before the Commission. In fact, statements by counsel for all parties during the pretrial hearings leave no doubt that the administrative proceedings were solely between the Commission and the respondent District. Yet in this court action plaintiff seeks relief that not only would recast the structure of the District, but also would alter the membership and practices of all the "necessary parties."

To grant the relief sought by plaintiff when the "necessary parties" have not been charged before the Commission would frustrate the intent of the legislative compromise that became Title VII. The Commission's attempts to work out a resolution of the dispute were necessarily hampered by the absence of persons that would be so intimately affected by any changes that might be proposed. The Commission should not have proceeded without the "necessary parties," and this Court should not subvert the statutory requirement by allowing plaintiff to litigate its civil action without joining them as provided in the statute.

The indispensable party issue under Rule 19(b) arises only if joinder is found not to be feasible, but here it furnishes an alternate ground for a temporary stay of further proceedings in this action. Rule 19(b) was amended in 1966 to enumerate the "pragmatic considerations" that should guide the court "in deciding whether the action should proceed, or should rather be dismissed * * *." Notes of the Advisory Committee on Rules, 28 U.S.C.A. following Rule 19 (1967 Supp.). Four factors are set out in the text of the rule:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

See generally Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). In this case all of these factors and others compel a stay pending exhaustion of remedies before the EEOC. For clarity, the factors will be applied first to the situation of ILA Locals 307, 851, and 1576, first named as "necessary parties," and then to the Galveston Maritime Association and its members, the stevedores.

The practices alleged by plaintiff to violate Title VII of the Act are the segregated membership of the locals and the segregation in work gangs that results from the practice of hiring longshoremen through hiring halls operated by each individual local. It is therefore obvious that no relief can be framed that does not intimately affect the internal practices and perhaps, the very existence of these locals. Any judgment sustaining plaintiff's charges and granting any of the relief sought would necessarily prejudice the interests of the local unions. No protective orders or other restrictions on the relief if granted, could

of such a charge [i. e., one before the Commission] is a condition precedent to seeking judicial relief. * * * It is thus clear that there is great emphasis in Title VII on private settlement and the elimination of unfair practices without litigation." Id. at 497–498 (citation and footnote omitted). More recently Chief Judge Brown has written of "the legislative compromise [which] changed the concept [of the Commission] from an enforcing-adjudicatory administrative agency to one in which the agency would conciliate, leaving the ultimate, *final* sanction to be judicial enforcement." Jenkins v. United Gas Corp., 400 F.2d 28, 32 (5th Cir. 1968) (emphasis added). This construction of the statutory requirement of a prior charge before the Commission is fully supported by the legislative history of Title VII. See Jenkins, supra, at 32 n. 8.

lessen this prejudice. No judgment rendered in the locals' absence could possibly be adequate and yet not require substantial changes in their membership and operations. Fourthly, an alternate forum indeed exists that is fully competent to grant an adequate remedy, namely, this Court following the exhaustion of plaintiff's administrative remedies before the EEOC. Finally, the ability and power of this Court to frame adequate relief upon plaintiff's return, the laches that bar plaintiff from objecting to a temporary delay, and the strong policy of Title VII requiring resort to the Commission all compel this Court to order a stay.

As to the stevedores, the factors enumerated in Rule 19(b) are less persuasive, but other considerations suggest that a stay is desirable. The relief sought includes a change in the hiring practices of the stevedores, and these practices are largely incorporated in contracts between the stevedores and the longshoremen's unions. Were such necessary, however, the practical effect on the stevedores of a judgment in this action could be minimized. Relief could be framed to provide an efficient means of hiring, such as through a single hiring hall, that would be as effective and inexpensive as the present system. Thus, although the stevedores would be affected by any relief granted, the relief could be shaped to eliminate any adverse effect. The factors listed in Rule 19(b), without more, would require this Court to proceed rather than dismissing the action. But Rule 19(b), of course, does not limit the Court to the consideration of the enumerated factors when determining which result will most further the orderly administration of justice. The other factors already discussed, together with the feasibility of ordering a stay instead of an outright dismissal, militate against proceeding without any of the "necessary parties." If plaintiff determines to return to the EEOC during the stay, the Galveston Maritime Association and its members should be charged and made parties to the proceedings.

■ At the present state of this litigation, however, it is not yet necessary to determine whether if the stevedores were the only parties who had not been charged before the Commission, this Court should proceed without them, for it is clear that the Court should not proceed without Locals 307, 851, and 1576, if these locals are "persons" within the meaning of Rule 19 who should be "joined if feasible" and who may be "indispensable." And these three locals are "persons." This inquiry, if it became relevant, would concern the relationship between the respondent District and its constituent locals, whether the local unions are distinct entities for the purposes of Rule 19 or instead are merely branches of a single tree, the District. It is essentially a fact issue, and turns on the power of the District to control the internal practices of the locals and bind them to collective bargaining agreements. In the several pretrial hearings in this matter it was asserted and not disputed that the practice has been and is for each local union to negotiate individually with the appropriate employers and to sign the contract. Counsel stated that the District is sometimes utilized by the locals in their bargaining, but that it is given no authority to bind them to a contract without their consent. On the basis of the pleadings in this case and the statements of counsel at pretrial I find for the purposes of the motion for a preliminary injunction that the three Galveston locals are sufficiently outside the control of the District as to make them "persons" within the meaning of Rule 19. Accordingly, if plaintiff elects to file charges before the EEOC during the stay in these proceedings, the locals as well as the stevedores should be made parties to the administrative action.

One final jurisdictional issue may appropriately be treated now, although it has not been raised by any of the parties. Rule 12(h) (3), Federal Rules of Civil Procedure. Although plaintiff's com-

plaint sufficiently alleges venue, cf. 42 U.S.C. § 2000e–5(f), it does not adequately allege jurisdiction. The civil actions permitted under Title VII may be brought only under strictly limited circumstances. One such requirement, which has been discussed, is that the respondent have been charged in an action before the Commission. 42 U.S.C. § 2000e–5(e); see Cox v. United States Gypsum Co., supra. Another is that where the charge that was filed before the Commission was filed by a member of the Commission, the subsequent civil action may only be brought by a "person whom the charge alleges was aggrieved by the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(e). Charges filed before the Commission "by a person claiming to be aggrieved" must be "in writing under oath," 42 U.S.C. § 2000e–5(a), and there are other requirements. See, e. g., Cox v. United States Gypsum Co., supra. Accordingly, if plaintiff elects to return to this Court following the stay of these proceedings, unless the complaint should be amended to indicate that all of the jurisdictional prerequisites to suit have been completed, it would appear that a motion to dismiss for that reason would have to be granted. See Rule 8(a) (1), Federal Rules of Civil Procedure.

Now, therefore, it is hereby ordered:

(1) That plaintiff's motion for a preliminary injunction is denied without prejudice;

(2) That further action in this matter is stayed pending exhaustion of administrative remedies;

(3) That within 15 days plaintiff will notify the Court in writing by filing notice with the Clerk that administrative charges have been filed against Locals 307, 851, and 1576, International Longshoremen's Association, and the Galveston Maritime Association and its constituent members, failing which notice, this action will be deemed to have been dismissed and an appropriate order evidencing same will be entered as of such time;

(4) That upon returning to this Court following exhaustion of administrative remedies plaintiff's complaint will be dismissed unless amended to properly allege the jurisdiction of the Court; and

(5) That the Clerk will send copies of this memorandum and order to all counsel who have appeared in this cause.

The above constitute findings of fact and conclusions of law.