Martha V. **GILBERT** et al.

v.

**GENERAL ELECTRIC COMPANY.**

**Civ. A. No. 142–72–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

May 16, 1973.

Seymour Dubow, Richmond, Va., Ruth Weyand, Associate Gen. Counsel, International Union of Electrical, Radio and Machine Workers, AFL–CIO and CLC, Washington, D. C., for plaintiffs.

John S. Battle, Jr., and Robert Patterson, Jr., Richmond, Va., Stanley R. Strauss, Vedder, Price, Kaufman & Kammholz, Washington, D. C., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

■ Consistent with the history of this litigation,[1] the parties are again before the Court pursuant to a pre-trial motion. The present motion brought by General Electric Company (referred to as GE) to add parties defendant, gives the Court little difficulty. As a consequence of the class declaration in this action (order of April 30, 1973) GE now seeks joinder of "all international and local unions representing present and former female employees of the defendant, which unions are signatory to collective bargaining agreements with the defendant." The gravamen of GE's reasoning is that as this action, by virtue of the inclusion in the primary class of all female GE employees, may affect collective bargaining agreements with those nonparty unions representing women employees, said unions are indispensible parties. GE seeks in the alternative either individual joinder of nonparty unions or joinder of same as a defendant class.

Rule 19(a), F.R.C.P. which governs this issue, reads as follows:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

Consistent with the application of these standards, the Court must first determine if the absence of the nonparty unions will prevent complete relief from being accorded to those already parties. GE urges the general rule that all parties to a contract have a substantial interest in outcome of litigation challenging that contract and should therefore be joined. See Wright and Miller, Federal Practice and Procedure (1972), § 1613 at 135–136. The Court concludes,

---

1. See memoranda of 9/25/72 (347 F.Supp. 1058), 2/6/72 and 4/30/73 (59 F.R.D. 267).

however, that while superficially supportive of GE's position, the general rule is satisfied by the peculiar relationship of the present parties.

As previously reviewed in the Court's memorandum of 4/30/73, GE has pursued a policy of negotiating a uniform health insurance benefits contract which applies equally to all unionized and non-unionized GE employees. (It is the pregnancy benefits provision of that contract which is in dispute here). The bargaining for labor is conducted on behalf of the participating unions by a steering committee which includes as a member the plaintiff union. Contracts with individual unions do not set forth terms respecting sickness benefits, but state that GE agrees to pay the benefits set forth in the uniform health plan. Upon representation of plaintiff, it appears that all but 50 unionized GE employees are represented in the health plan negotiations by the plaintiff International (IUE) or some other member of the steering committee. A steering committee statement of policy (Exhibit A to plaintiffs' 5/11/73 opposition) criticizes sex discrimination. A unanimously adopted proposal of January 15, 1973 of the steering committee at paragraph 21(d) promulgates the position with regard to pregnancy benefits espoused by the plaintiff union. The uniquely singular and unanimous position of the unions involved with respect to this matter satisfies the Court that the interests of the union signatories are represented by the plaintiff IUE. The practical effect by virtue of the steering committee procedure is in accord with GE's demand for joinder of a class of nonparty unions.[2] Were variant labor-management contracts in issue here, the Court

would conclude that joinder of nonparty unions would be necessary. In view of the nature of the bargaining process, however, relief may properly be afforded the class, if upon the merits that result is just, without joinder of the nonparty unions.

These factors, as well, bear upon the second test of Rule 19(a). By virtue of the unified steering committee position, the interests of the nonparty unions are represented by the plaintiff IUE, and by virtue of the class definition, inconsistent obligations cannot arise as a result of this litigation. In short the Court is satisfied that the nonparty unions are not indispensable. While joinder would be permissible, the Court, in the exercise of its discretion, chooses not to compel the addition of further parties in what has, heretofore, been ponderous litigation.

■ In a good faith effort to avoid further delay, GE tendered to the Court without filing, a motion for leave to file a third party complaint against the nonparty unions. In view of the disposition of the present motion, the Clerk will be directed to file GE's third party motion. The Court will of course withhold judgment on the latest motion pending memoranda from counsel. However, consistent with its memorandum of 4/30/73 and remarks from the bench on 5/8/73, the Court stresses that the burden is upon the defendant to demonstrate a cause of action upon which the pending counterclaim and proposed third party claims may be maintained. GE's failure to do so will result in the dismissal of the counterclaim and denial of the motion for leave to file a third party complaint.

An appropriate order shall enter.

---

2. Were the locals resisting or in a position of resisting the relief sought by plaintiffs, joinder would, of course, be necessary. See Local 329 v. South Atlantic and Gulf Dist., 295 F.Supp. 599 (S.D.Tex.1968). To the contrary, they have an identity of interest with the plaintiff union.