Joseph P. MOODY et al., Plaintiffs,

v.

ALBEMARLE PAPER COMPANY et al., Defendants.

Civ. No. 989.

United States District Court, E. D. North Carolina, Wilson Division.

Sept. 28, 1970.

J. LeVonne Chambers, of Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., Conrad O. Pearson, Durham, N. C., T. T. Clayton, of Clayton & Ballance, Warrenton, N. C., Jack Greenberg, New York City, for plaintiffs.

David R. Cashdan, Office of the General Counsel Equal Employment Opportunity Comm., Washington, D. C., amicus curiae.

Julian R. Allsbrook, of Allsbrook, Benton, Knott, Allsbrook & Cranford, Roanoke Rapids, N. C., James B. Ledford, Charlotte, N. C., Bonner D. Sawyer, Hillsborough, N. C., Francis V. Lowden, Jr., of Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., Warren Woods, of McInnis, Wilson, Munson & Woods, Washington, D. C., Rodger L. Nordbye, of Faegre & Benson, Minneapolis, Minn., Charles O'Connell, General Counsel, Hoerner Waldorf Corp., St. Paul, Minn., for defendants.

## OPINION AND ORDER

LARKINS, District Judge:

This cause is now before the court upon the several motions below-listed in a civil action instituted by the Plaintiffs upon the alleged deprivation of their rights to equal employment opportunities pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 United States Code Annotated Section 2000e et seq., jurisdiction in the court being grounded in the "Act" and pursuant to the provisions of Title 28 United States Code Annotated Section 1343.

The specific motions before the court for its determination presently are as follows:

(1) Plaintiffs' Motion to Add or Join the Albemarle Paper Company, the Hoerner Waldorf Corporation, the First Alpaco Corporation and the Ethyl Corporation as parties defendant pursuant to the provisions of Rules 19, 20 and 25(c), Federal Rules of Civil Procedure; and,

(2) Motion of Defendant Albemarle Paper Company, ("old" Albemarle), to Dismiss.

Issues have been joined by the parties Memoranda of Law in support and opposition to and of the motion to add or join parties and in support of the motion to dismiss, and opposition.

The court will first look to the merits of Plaintiffs' collective motions to add or join the parties above-named. Then a determination upon Defendant "old" Albemarle's Motion to Dismiss will be made.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This action was originally instituted on August 25, 1966, with Albemarle Paper Company, a Virginia corporation, being named defendant in the original suit. Although at that time and until October 31, 1968, "old" Albemarle was a wholly owned subsidiary of Ethyl Corporation; neither Ethyl, Hoerner Waldorf, Alpaco, nor Albemarle Paper Company (a Delaware corporation—hereinafter referred to as "new" Albemarle) were named as parties defendant. Of course "new" Albemarle had not been formed at that time.

On October 31, 1968, pursuant to an agreement dated October 25, 1968, between Ethyl Corporation, Albemarle Paper Company, Interstate Bag Company, Inc., a Virginia corporation, and Hoerner Waldorf Corporation, a Delaware corporation, "old" Albemarle transferred all of its property and assets, real, personal, tangible and intangible, located in Roanoke Rapids, North Carolina, to Albemarle Paper Company, a Delaware corporation, i. e., "new" Albemarle. This was done by deed, bill of sale and related documents. On that same date, "old" Albemarle, by amendment to its charter, changed its name to First Alpaco Corporation. And Hoerner Waldorf paid to the account of First Alpaco Corporation a specified amount of money for the assets of "old" Albemarle, including those at Roanoke Rapids, North Carolina.

Since October 31, 1968, "old" Albemarle has had no control over any property or person working at its former mill in Roanoke Rapids, North Carolina. At no time did First Alpaco Corporation ever own any property or control any person working at the former mill of "old" Albemarle. On February 20, 1969, First Alpaco Corporation was merged into Ethyl Corporation. (Affidavit of Fredrick P. Waren, Secretary of Ethyl Corporation).

"New" Albemarle, being the nominee of Hoerner Waldorf pursuant to the original agreement of October 25, 1968, presently has all management and control over the Roanoke Rapids facility in question—that being the situs of the alleged deprivation of Plaintiffs' rights.

In response to the plaintiffs' motions to add or join parties, the corporations therein named have relied primarily on this court's earlier ruling in this same case reported in 271 F.Supp. 27 (E.D.N.C., 1967). There this court, in allowing the motion of the international union to dismiss, held that where the international union was not named by plaintiffs in their complaint filed with the equal employment opportunity commission charging the denial of rights to equal employment opportunities, the plaintiffs were not entitled to join the international union as a party defendant in a class action brought under the Civil Rights Act of 1964. This court said then that "the requirement that all defendants be named in the charge filed with the Commission goes to the competence of a district court to entertain the action * *."

But the decision there is distinguishable from the issue now directly in litigation. That determination establishing that the international must have been named in the charges before the E.E.O.C., was based on the fact that the local union (said union having been named before the E.E.O.C.) was autonomous in

nature and was not an agent of the international union so as to permit the international union to be joined by plaintiffs as a party defendant. The court stated:

"The contention that the local union is the agent of the international union is without merit, the records indicating that the local is merely affiliated with the international and enjoys an autonomous existence. This is insufficient to establish responsibility of the international for any alleged unlawful conduct on the part of the local." Moody v. Albemarle Paper Company, 271 F.Supp. 27, 29 (E.D.N.C., 1967).

In other words, the international union was not, to any extent, viewed by the court as being the successor in interest to the local union—the local being a separate entity unto itself.

Further, a distinction between the issue there and that herein presented lies in the fact that at no time between the filing of charges by the plaintiffs before the E.E.O.C. and institution of the suit in this court had the stance or posture of the international union changed. While, as per the corporations herein sought to be joined, two of these companies, First Alpaco Corporation and Albemarle Paper Company, a Delaware corporation, were not in existence at the time of filing of charges with the E.E. O.C. or institution of the suit in district court. Neither did Hoerner Waldorf Corporation have any interest in the charges or the suit. Now, Hoerner Waldorf, as the parent corporation of "New" Albemarle surely would have an interest in protecting its "nominee" and wholly owned subsidiary from liability.

Only Ethyl Corporation, though it has engaged in some corporate shuffling involving liquidation of assets, stands now in substantially the same position as parent of Alpaco Corporation, as it did at the time of the filing of charges before the E.E.O.C. as the parent of "Old" Albemarle Paper Company.

However, even that stance is questionable in its similarity to the position of Ethyl Corporation at the time of the filing of charges before the E.E.O.C., because of the fact that on February 20, 1969, First Alpaco Corporation was merged into Ethyl Corporation.

The fact situation before the United States Court of Appeals for the Fourth Circuit in Mickel v. South Carolina Employment Service, 377 F.2d 239 (4th Cir., 1967), was startlingly similar to those present in the earlier Moody ruling in that (1) there was a potential party-defendant in existence at the time of filing of charges before the E.E.O.C. which was not joined and (2) that party was not considered by the court to have been an agent of any party named in those charges before the E.E.O.C. In both instances the court determined that requisite jurisdiction had not been satisfied.

There is no doubt that submitting to the possibility of conciliation is a jurisdictional prerequisite to institution of a civil action under the Civil Rights Act of 1964 dealing with equal employment opportunities, and further that an action so instituted without complying with such jurisdictional prerequisite must be dismissed. Civil Rights Act of 1964, § 706(a, d, e), Title 42 U.S.C.A. § 2000e–5(a, d, e,). Mickel v. South Carolina Employment Service, supra.

However, the court is of the considered opinion that when an aggrieved party has brought charges against a named respondent before the E.E.O.C., thusly complying with jurisdictional prerequisites, and has instituted suit in the district court against that same party, he should be allowed to pursue his alleged claims for relief against the party defendant even though his course of pursuit may lead him through that dark and dismal forest known to all as the corporate reshuffle. And the court is impressed with the argument of counsel for the plaintiffs that if the decisions of Mickel and Moody

*I* are considered by the court to be applicable to the facts at bar then "all employers charged before EEOC with violations of Title VII could easily escape liability by transferring its interest subsequent to filing of a Title VII suit in Federal Court." The court further agrees that, "If the court were then to find that the original employer-defendant had been or is presently guilty of a violation of the Title VII, an aggrieved party would have an empty victory because injunctive relief would not be appropriate and the original defendant would not be able to respond in damages because its assets had been transferred."

"* * * Moreover, to require plaintiffs on the facts in this case to now go before EEOC as to these proposed defendants would subject plaintiffs to a possible never ending treadmill."

The court sees as one of its duties, the avoidance of a multiplicity of suits. And the court finds that clearly it was not the intent of Congress, in passing Title VII of the Civil Rights Act of 1964, to create multiplicity or loophole.

Rule 25(c), Federal Rules of Civil Procedure provides in part as follows:

> "In case of any transfer of interest the action may be continued by or against the original party unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

The motion for joinder of parties having been made, and it appearing to the court that any or all of the parties sought to be added or joined have or could have the burden of liability in the event of a determination of liability being made, the court finds that Albemarle Paper Company a Delaware corporation, the First Alpaco Corporation, Ethyl Corporation and Hoerner Waldorf Corporation should be joined as parties-defendant and the motion of plaintiffs should be allowed.

It was the intent of Congress, as evidenced by Section 706(a, d, e,) of Title VII, the Civil Rights Act of 1964, clearly, that all possible parties-defendant in Federal court be included as respondents to charges filed with the E.E.O.C. The obvious purpose therein was to subject all original claims to the possibility of conciliation at the administrative level before entrance into suit in the district court. This purpose is effectuated by the requirement that administrative remedies be exhausted by plaintiffs as to all defendants which were available to them at the time of filing of charges with E.E.O.C.

But the purpose of prior conciliation is not enhanced by requiring that plaintiffs exhaust administrative remedies as to new potential parties-defendant where those parties are either substituted for original parties as successors in interest or are newly formed (at a time subsequent to the filing of charges with the E.E.O.C.). Rule 25(c) was specifically created to resolve this situation. Using the rule does not expand any federal jurisdiction, but only makes right what has the odorous property of being an unfair procedural obstacle.

No longer must we contend with the procedural traps of the Common Law, for we live in an enlightened age of the Federal Rules. And until finer tools are created, this court will utilize these Rules as they were intended to so be used.

Defendant "old" Albemarle Paper Company has moved the court to dismiss the case both as to it, the present defendant, and as to all those whom the plaintiffs have sought to join as Defendants essentially on the following grounds:

> That it, the Defendant "old" Albemarle is no longer in existence, all its interests in the plant and facility in Roanoke Rapids, North Carolina having been transferred out to other named parties in the motion to add or join, and no money damages specifically having been prayed for by plain-

tiffs, then the injunctive relief sought by plaintiffs not being possible as against a non-existent defendant, the whole matter should be dropped.

■ Defendant "old" Albemarle further asserts several reasons why the action should be dismissed which involve the merits of the dispute here in question and of course, as we are not yet to the merits of this litigation, much to the chagrin of the court, these contentions can not be considered upon the motion to dismiss.

■ Rule 54(c) of the Federal Rules of Civil Procedure provides in part: "except as to a party against whom a judgment is entered by default every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." The possibility of an award of money damages upon a determination of liability is still with us. It is not yet the proper time to drop the plaintiffs' claims, which are, at least, litigable.

However, in view of the fact that "old" Albemarle is no longer in existence, the court having found that all the interests originally held by it have been transferred out to the parties named in the motion to add or join; and further in view of the fact that usage of the terms "old" and "new" Albemarle is becoming tiresome, and Rule 25(c) providing that in the case of any transfer of interest the court may direct that the person or persons to whom the interests were transferred be substituted in the action for the original party, the court is wont to allow the motion to dismiss as to "old" Albemarle. But, in the interest of justice in the case at bar, the court finds that the more proper step to be taken is to keep the original party defendant in the litigation, even though it has now been dissolved, and allow the motion to add or join parties as to all those parties sought to be joined.

The court having considered the excellent Brief Amicus Curiae of the Equal Employment Opportunity Commission filed in support of plaintiffs' position with respect to their motion along with responsive briefs thereto, the court finds that the "Public Policy" sought to be served by Title VII is best served by taking the above-stated action.

ORDER

Now therefore, in accordance with the foregoing, it is:

Ordered, that the Motion to Add or Join the Albemarle Paper Company, a Delaware corporation, the Hoerner Waldorf Corporation, the First Alpaco Corporation, and the Ethyl Corporation be and the same is hereby Allowed, and,

Further ordered, that the Motion to Dismiss on the part of Defendant Albemarle Paper Company, a Virginia corporation, as to it and all parties herein joined as parties-defendant, be and the same is hereby, Denied; and,

Further ordered, that the Clerk shall serve copies of this opinion and order upon all Counsel of Record.

Let this order be entered forthwith.