# United States Court of Appeals
## For the First Circuit

No. 03-1974

CITIBANK,
Plaintiff,

and GRUPO CATALÁN DE INVERSIONES, S.A.,
Plaintiff, Appellant,

v.

GRUPO CUPEY, INC., and RAMÓN MAC-CROHON,
Defendants,

and AMERICAN INTERNATIONAL INSURANCE
COMPANY OF PUERTO RICO
Defendant, Third Party-Plaintiff-Appellee,

and JUNCOS AL CONSTRUCTION CORP.; JUAN RAMÓN GARCÍA-PATRÓN;
NYDIA ENID GONZÁLEZ; CONJUGAL PARTNERSHIP GARCÍA-GONZÁLEZ;
AL AUTO SALES, INC.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jay A. García-Gregory, U.S. District Judge]

———————————

Before
Lynch and Lipez, Circuit Judges,
and Stearns,* U.S. District Judge.

———————————

Juan Ramón Cancio, with whom Rodney W. Colon-Ortiz and Cancio Covas & Santiago, LLP, were on brief, for appellant.
Francisco Rosa Silva, with whom Juan J. Hernández-López de Victoria, Juan A. Ortiz-Cotto and Rosa-Silva, Rosa-Domenech & Hernández-López de Victoria, PSC, were on brief, for appellee.

———————————

August 30, 2004

———————————

* Of the District of Massachusetts, sitting by designation.

**LIPEZ**, <u>Circuit Judge</u>.  This case requires us to resolve a dispute over the provision of a surety bond that limits the surety's liability to the original beneficiaries named in the bond. In the midst of litigation between the surety and one of the named beneficiaries, the beneficiary assigned its interests under the bond to a third party.  The district court allowed the third party to take the place of the beneficiary in the litigation, but then dismissed the third party's complaint because the bond limited the surety's liability to the original named beneficiaries.  Agreeing with this disposition, we affirm.

## I.

In the summer of 1998, Grupo Cupey, Inc., arranged for the development and financing of a residential real estate project, known as Vista de Cupey, in Trujillo Alto, Puerto Rico.  On June 26, 1998, it engaged Juncos Al Construction Corporation (Juncos Al) to serve as contractor.  On July 6th, 1998, the American International Insurance Company of Puerto Rico (AIICO) issued a performance bond (the bond) for the amount of $3,700,000.00 for the benefit of Grupo Cupey in the event that Juncos Al defaulted on its obligations.  That same day, AIICO issued a "dual obligee rider" to the bond (the rider).  The rider added Citibank, N.A., as an obligee under the bond in anticipation of Citibank providing financing to Grupo Cupey for the Vista Cupey project.

-2-

On July 15, 1998, Citibank executed a loan agreement in which it extended to Grupo Cupey a line of credit for a maximum amount of $4,556,500.00.  Under that agreement, Citibank advanced $3,187,981.83 to Grupo Cupey.  As collateral for the loan, Grupo Cupey executed a promissory note and a mortgage.  Citibank also procured a personal guarantee of the loan from a businessman, Ramón Mac-Crohon.

On November 1, 1999, after several delays in construction, Grupo Cupey declared Juncos Al to be in default on its obligations as contractor.[1]  With the project stalled, Grupo Cupey failed to make loan payments to Citibank.  On January 3, 2001, Citibank filed claims in the U.S. District Court in Puerto Rico against Grupo Cupey, Ramón Mac-Crohon as a guarantor of the Grupo Cupey loan, and AIICO in its capacity as surety for Juncos Al.  Subsequently, Citibank, Grupo Cupey, and Mac-Crohon entered into settlement agreements.  The sole remaining claim in this appeal is the claim against AIICO.

On November 14, 2001, Citibank and Grupo Catalán entered into a purchase agreement that purported to "sell, assign and transfer" to Grupo Catalán "any and all rights, claims and causes of action that [Citibank] now has or hereafter acquires in connection with the [Grupo Cupey loan]."  Citibank requested,

---

[1]Grupo Cupey filed claims against Junco Al and AIICO in the Puerto Rico courts.

pursuant to Fed. R. Civ. P. 25(c), that Grupo Catalán be substituted for Citibank in the ongoing litigation.[2] On April 16, 2002, the district court granted Citibank's request that Grupo Catalán be substituted for it.

On November 15, 2002, AIICO filed a motion to dismiss Grupo Catalán's suit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). It argued that the terms of the bond and the rider expressly limited AIICO's liability to Citibank and Grupo Cupey. As such, AIICO argued, Grupo Catalán could not state a claim for performance under the bond. On May 8, 2003, the district court granted AIICO's motion to dismiss, ruling that the bond and the rider limited AIICO's liability to claims by Citibank and Grupo Cupey. Grupo Catalán now appeals the district court's decision.

## II.

We exercise de novo review over the grant of a motion to dismiss filed pursuant to Rule 12(b)(6). See, e.g., New Eng. Cleaning Servs. v. Am. Arbitration Ass'n, 199 F.3d 542, 544 (1st Cir. 1999). "We accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences

---

[2]Fed. R. Civ. P. 25(c) provides in relevant part:

In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

therefrom in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." TAG/ICIB Servs. v. Pan Am. Grain Co., 215 F.3d 172, 175 (1st Cir. 2000).

The parties agree that Puerto Rico law governs our interpretation of the bond and the rider. "Where the parties have agreed to the choice of law, this court is free to forgo an independent analysis and accept the parties' agreement." Hershey v. Donaldson, Lufkin & Jenrette Sec. Corp., 317 F.3d 16, 20 (1st Cir. 2003) (quotation omitted).

The relevant provision of the rider reads as follows: "No right of action shall be accrue [sic] on this bond to or for the use of benefit [sic] of any person or corporation other than the Owner and Lender herein named . . . ." The rider names Grupo Cupey as the "Owner" and Citibank as the "Lender." Thus, the above quoted provision of the rider purports to limit AIICO's liability under the bond only to Grupo Cupey and Citibank. The plain language of this provision prevents Grupo Catalán from sustaining a cause of action against AIICO under the bond because Grupo Catalán is not named as an "Owner" or "Lender."[3]

---

[3]We note that Paragraph 1 of the bond, which is unrelated to the issues on appeal, states that "[t]he Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract." (emphasis added). Thus, the parties were seemingly aware that such language was

Grupo Catalán argues that, under Puerto Rico law, surety contracts are to be construed liberally in favor of the beneficiary, and that this rule of construction requires us to find that Grupo Catalán can sustain a claim against AIICO as the assignee of Citibank's rights under the rider. Although "[t]he prevailing doctrine is that [a surety bond] should be liberally interpreted in favor of its beneficiary," that principle "is not a blank check to the judicial power to rule out the pacts and agreements between the parties." Luan Inv. Corp. v. Rexach Constr. Co., 2000 T.S.P.R. 182, 2000 WL 1847637 at *5 (P.R. 2000) (internal quotation and citation omitted). Rather, the rule of liberal construction applies only where the text of the agreement is ambiguous. "[I]f the text of a bond agreement is clear, or the true meaning of its clauses can be easily discerned, the courts should adhere to its text." Caugus Plumbing, Inc., v. Continental Const. Corp., 2001 T.S.P.R. 164, 2001 WL 1618390 at *5 (P.R. 2001); see also Id. at *6 ("[The principle of liberal construction] does not mean or justify going beyond the clear language of the obligation. It is not a carte blanche for imposing, through judicial construction, obligations that a surety never thought of assuming.") (internal quotation omitted).

---

necessary to bind future parties to the bond. If the parties had intended to allow rights of action against the surety by Citibank's "heirs, executors, administrators, successors and assigns," they could have explicitly stated that intention.

The adherence to the clear text of a surety agreement is consistent with the Puerto Rico Civil Code, which provides that "[c]ontracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of the laws, morals, or public order." P.R. Laws Ann. tit. 31, § 3372. The code specifically allows sureties to bargain for contractual concessions from beneficiaries. "The surety may bind himself to less but not to more than the principal debtor as to quantity as well as the burden of the conditions." P.R. Laws Ann. tit. 31, § 4875. We see no overriding principle that should prevent a surety from bargaining for a contractual provision that prevents parties other than those named in the original transaction from pursuing a cause of action under the bond.

In this case, the text of the rider is clear. It explicitly limits AIICO's liability under the bond to Citibank and Grupo Cupey. Moreover, it does not provide any means by which those parties can assign their rights to pursue a cause of action under the bond. Thus, by the plain language of the rider, Grupo Catalán cannot sustain a claim against AIICO as Citibank's assignee.

Appellant devotes much of its brief to the argument that Grupo Catalán can sustain a cause of action against AIICO as a "successor" to Citibank. Implicit in this argument is the

contention that Paragraph 7 of the unamended bond, rather than the language of the rider, governs causes of action against AIICO. Paragraph 7 states that "[n]o right of action shall accrue on this Bond to any person or entity other than the Owner or its heirs, executors, administrators or successors." We do not have to determine whether Grupo Catalán qualifies as a "successor" of Citibank because the more restrictive language of the rider, not the language of Paragraph 7 of the unamended bond, governs Grupo Catalán's rights against AIICO. The rider, by its own terms, amended the bond in several respects, including the addition of new, more restrictive language that limited causes of action against AIICO to "the Owner and Lender herein named," and did not extend rights to "successors."

Finally, appellant argues that the district court explicitly recognized that Grupo Catalán could pursue a cause of action against AIICO when it allowed Grupo Catalán to replace Citibank pursuant to Fed. R. Civ. P. 25(c). However, Rule 25(c) "is a procedural vehicle 'not designed to create new relationships among parties to a suit.'" Maysonet-Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003) (quoting Pacamor Bearings, Inc. v. Minebea Co., 892 F. Supp 347, 360 (D.N.H. 1995)). It involves "a discretionary determination by the trial court to facilitate the conduct of the litigation." Id. Thus, "Rule 25 does not substantively determine what actions survive the transfer of an

-8-

interest." <u>ELCA Enters.</u> v. <u>Sisco Equip. Rental & Sales</u>, 53 F.3d 186, 191 (8th Cir. 1995); <u>see also</u> 6 James Wm. Moore et al., <u>Moore's Federal Practice</u>, ¶ 25.32 (3d ed. 2004) ("Rule 25(c) is merely a procedural device designed to facilitate the conduct of the case, and does not alter the substantive rights of the parties or the transferee.").

In this case, the court's procedural decision to allow substitution pursuant to Rule 25(c) did not affect the substantive rights of the parties under the bond. As explained above, the bond and the rider expressly limited AIICO's liability; Citibank and Grupo Catalán could not circumvent that limitation through a transfer of interests and a subsequent substitution of parties. Rather, Grupo Catalán's ability to pursue a cause of action against AIICO is governed by the agreements of the original parties to the bond, and is not contingent on the district court's procedural decision to allow substitution pursuant to Rule 25(c).

### III.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

**SO ORDERED.**