**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1744

INSTITUTO DE EDUCACION UNIVERSAL CORP. AND
ANGEL RUIZ-RIVERA,

Plaintiffs, Appellants,

v.

GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Howard, Circuit Judge,
Campbell and Cyr, Senior Circuit Judges.

Santiago R. Palmer on brief for appellee Instituto de Educacion Universal, Inc.
Angel Ruiz Rivera on brief pro se.
Pedro R. Pierluisi and O'Neill & Borges on brief for appellee Student Loan Marketing Association.
Jose G. Fagot Diaz on brief for appellee Great Lakes Higher Education Guaranty Corporation.

March 3, 2005

**Per Curiam**. Appellants Instituto de Educacion Universal Corp. (IEU) and Angel Ruiz-Rivera appeal from the decisions of the district court (1) granting the motion for summary judgment filed by Great Lakes Higher Education Guaranty Corp. (Great Lakes) and (2) granting the motion to dismiss filed by the Student Loan Marketing Association (Sallie Mae). After carefully reviewing the parties' briefs and the record, we affirm the judgments of the district court for essentially the reasons stated in that court's Opinion and Order, dated August 28, 2001 (docket # 99), and the Opinion and Order, dated September 28, 2001 (docket # 108). We add only the following comments.

1. Ruiz-Rivera. In regard to Ruiz-Rivera, he failed to file an opposition to Sallie Mae's motion to dismiss, and he ignored the district court's order to show cause concerning this default. The district court therefore dismissed Ruiz-Rivera's claims against Sallie Mae and denied Ruiz-Rivera's motion for reconsideration. Given that the court had warned Ruiz-Rivera that dismissal was a possible sanction, we can see no abuse of discretion here. See HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988) ("the law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences

-2-

of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal").

Ruiz-Rivera similarly neglected to file an opposition to the motion of Great Lakes for summary judgment. He also has failed to offer any arguments in his opening brief on appeal concerning why summary judgment against him should not have been granted. Ruiz-Rivera therefore has forfeited his claims against Great Lakes. See Andresen v. Diorio, 349 F.3d 8, 13 (1st Cir. 2003) (arguments presented for the first time in a party's reply brief have been forfeited).

2. IEU. IEU has decided to forego any appellate argument concerning the district court's determination that Sallie Mae's stop payment order was not a defamatory communication regarding IEU's eligibility to participate in the student loan programs. As a result, we will not consider the defamation issue. This leaves IEU's negligence and contract claims.

As for the negligence claim, the only reference to Sallie Mae in IEU's amended complaint is that Sallie Mae had acted in concert with Great Lakes to place the stop payment orders and that Sallie Mae therefore was responsible for the resulting damages. In regard to the contract claim, the amended complaint does not refer to the existence of any contract to which Sallie Mae was a party, and the opposition to

the motion to dismiss stated only that Sallie Mae was liable for breach of contract.

Based on the foregoing, it is plain that IEU simply has failed to point to any "well-pleaded factual allegations" -- other than the existence of the stop payment orders themselves -- in support of the argument that Sallie Mae's actions in this regard were negligent or in breach of any contract. Citibank v. Grupo Cupey, Inc., 382 F.3d 29, 31 (1st Cir. 2004) (in reviewing a district court's grant of a motion to dismiss, this court need only "accept as true the well-pleaded factual allegations of the complaint"). Rather, IEU has only put forth "bald assertions [and] unsupportable conclusions" concerning Sallie Mae's liability. See In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003) ("[w]e are not bound . . . to credit bald assertions, unsupportable conclusions, and opprobrious epithets woven into the fabric of the complaint") (internal quotation marks and citation omitted). The district court therefore did not err in dismissing IEU's claims against Sallie Mae.

This leaves IEU's claims against Great Lakes. As with Sallie Mae, IEU states, on appeal, that it will not address its defamation claim against Great Lakes. Thus, there are no arguments concerning this claim in IEU's opening brief.

-4-

The issue, then, has been forfeited.  See Andresen, 349 F.3d at 13.

IEU also has forfeited its contract claim against Great Lakes by failing to raise the claim in its opposition to the summary judgment motion.  See Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000) (where appellant failed to raise an argument in his opposition to the appellee's motion for summary judgment, the issue has been waived).  In any event, IEU does not make any developed arguments in its opening brief in regard to the contract claim.  Indeed, aside from a quote from a case concerning the general obligations of contracting parties, IEU states only (1) that the relationship between Sallie Mae and Great Lakes is contractual and (2) that Great Lakes has a contract with DOE.  As we have held, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

IEU's arguments regarding its negligence claim against Great Lakes, while more developed, nonetheless fail to persuade us that summary judgment was in error.  IEU first contends that, although the Department of Education (DOE) had faxed to Great Lakes a memorandum, dated February 19, 1997, stating that IEU was ineligible to participate in the federal

student loan programs, Great Lakes's reliance on this memorandum was negligent. In particular, IEU contends that Great Lakes should have known, from the cover sheet to the fax, that since IEU was appealing the administrative law judge's (ALJ) decision so finding, IEU remained an eligible institution pending this appeal. Second, IEU contends that Great Lakes negligently ignored the information, provided to it by IEU's Director of Financial Aid, Ms. Gloria M. Oyola, that, despite the ALJ's decision, IEU still was eligible.

The actual facts, as presented by IEU, do not support either of these arguments. First, Ms. Oyola, in her affidavit, does <u>not</u> state that, after February 19, 1997, she informed Great Lakes that IEU remained eligible to participate in the student loan program. Rather, Ms. Oyola avers that she told Great Lakes that IEU was <u>still operating its college division</u>. Affidavit, ¶ 12. Given that Great Lakes already had received the February 19, 1997 memorandum from DOE stating that IEU was <u>ineligible</u>, Ms. Oyola's statement did not necessarily negate anything in the memorandum. That is, the college division may still have been functioning, even though IEU's ability to accept students with federal loans had been terminated.

Similarly, the fax cover sheet to DOE's February 19, 1997 memorandum does not indicate, as IEU represents, that the ALJ's decision was, in fact, being appealed. Rather, the cover

-6-

sheet, which is a transmittal form, just stated that the parties were planning to appeal.  Significantly, the form did not state that IEU had appealed, and IEU does not aver that it ever informed Great Lakes when the appeal actually was filed.  Given this, and given the unequivocal declaration in the February 19, 1997 memorandum that DOE had terminated IEU's student loan eligibility, Great Lakes was entitled to summary judgment on IEU's negligence claim.

Summarily Affirmed.  See Local Rule 27(c).