**Richard MALDONADO,
et al., Plaintiffs**

v.

**VALSYN S.A., Defendant.**

**Civil No. 04–1808(SEC).**

United States District Court,
D. Puerto Rico.

June 5, 2006.

Jose A. Hernandez–Mayoral, Hernandez Mayoral Law Office, San Juan, PR, Juan H. Saavedra–Castro, Juan H. Saavedra Castro Law Office, San Juan, PR, for Plaintiffs.

Edwin Prado–Galarza, Prado, Nunez & Associates, PSC, San Juan, PR, Carlos A. Garcia–Perez, Goldman Antonetti & Cordova, San Juan, PR, PHV Stuart A. Jackson, Stuart A. Jackson Law Office, New York, NY, for Defendants.

## OPINION AND ORDER

CASELLAS, Senior District Judge.

Pending before the Court is Plaintiffs' motion for joinder of Emusica Publishing LLC (herein "Emusica") (Docket # 133). Emusica has filed an opposition and a supplemental opposition (Dockets ## 138 143). Per the testimony, arguments and evidence presented in the May 30, 2006 evidentiary hearing, and the applicable law, Plaintiffs' motion will be **DENIED.**

Plaintiffs invoke Rule 25(c) alleging that since during the course of this litigation (on July of 2005) Emusica acquired the copyrights at issue in this case, it must be joined as a party defendant. Plaintiffs' request must be denied on two counts: (1) Emusica is not a successor in interest of Valsyn, S.A. ("Valsyn"), and (2) it appears that a different corporation, not Emusica, was the party appearing as purchaser in the July 2005 agreement. Let's see.

Rule 25(c) provides that "[i]n the case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Rule 25(c) Fed. R.Civ.P. However, joinder under Rule 25(c) lies in the discretion of the Court. *Pacamor Bearings, Inc. v. Minebea Co., Ltd.,* 892 F.Supp. 347, 360 (D.N.H.1995).

Rule 25(c) is a procedural vehicle; it does not create substantive rights. *Citibank v. Grupo Cupey, Inc.,* 382 F.3d 29, 32 (1st Cir.2004) (citations omitted). "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest." 7C Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 1958 at p. 555. Its purpose is to prevent that assets, which are subject to litigation, be transferred to a third party, allowing a defendant to sabotage plaintiffs' efforts of reaching the assets should liability on de-

fendant attach. Although the rule refers to a "transfer of interest" without more, joinder is appropriate **only** when the party which is sought to be joined could be called to respond for the liability of the original party. *See Moody v. Albemarle Paper Co.*, 50 F.R.D. 494, 498 (E.D.N.C.1970) (finding that because the company that was sought to be joined could have the burden of liability, joinder under Rule 25(c) was proper). As such, it is not only the transfer of assets in litigation that calls for a Rule 25(c) joinder, but also the possibility that the party to be joined could be held accountable for the actions of the original party.

■ Accordingly, courts have applied the doctrine of successor in interest in order to decide whether successor liability is possible and joinder warranted. A corporation is a successor in interest of another if one of these four (4) requirements can be established: (1) the transferee of assets has made an assumption of liability (implied or explicit); (2) the transfer of assets is a *de facto* merger between the two corporations; (3) the transferee corporation is a mere continuation of the seller corporation; or (4) the transfer of assets was fraudulent. *See e.g., Arnold Graphics Indus., Inc. v. Indep. Agent Ctr., Inc.*, 775 F.2d 38, 42–3 (2nd Cir.1985); *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 73–4 (3d Cir.1993); *Libutti v. United States*, 178 F.3d 114, 124 (2nd Cir. 1999); *Dayton v. Peck, Stow & Wilcox Co.*, 739 F.2d 690, 691 (1st Cir.1984).

■ In the instant case, there is no evidence that the transaction between Emusica and Valsyn meets any of the foregoing criteria. In fact, it appears that Emusica expressly rejected any assumption of liability in the sales agreement; is a completely separate entity from Valsyn (i.e. no common shareholders, officers, management or assets); Emusica has its own attorneys and would lead its own de-

fense in this case; and Emusica acquired the copyrights in what appears to be a *bona fide* cash transaction. *See e.g., Explosives Corp. of Am. v. Garlam Enter. Corp.*, 817 F.2d 894, 905–07 (looking at the relationship between the parties at issue and their role in the litigation in order to decide whether Rule 25(c) joinder is warranted and whether the party to be joined is liable for a judgment against the original party); *Libutti*, 178 F.3d at 125 (in order for a party to be joined under Rule 25(c), the party must be a successor in interest subject to successor liability). Per the evidence in the record, we cannot responsibly hold that Emusica is a successor in interest of Valysn. Moreover, a review of Plaintiffs' complaint reveals that their claims against Valsyn are for breach of contract in its failure to pay royalties and for copyright infringement (Docket # 1 ¶¶ 3.14, 3.20–24). If Valysn were to be held liable for Plaintiffs' claims, Emusica could not be held responsible for Valsyn's actions during the past twenty (20) years (approx.) when Emusica had no relation with the parties in this litigation. Any action against Emusica would then have to be an independent direct action for copyright infringement from the date in which the copyrights at issue were allegedly transferred to Emusica, after July of 2005. At this juncture, using Rule 25(c) to join Emusica would be tantamount to granting Plaintiffs a substantive right to pursue the liability against Valsyn against a separate and distinct entity. This is not the intended consequence of a Rule 25(c) joinder.

Moreover, the fact that Emusica was not a party to the July 2005 agreement further supports our decision today. *See Eng v. Battery City Car & Limousine Serv., Inc.*, 2001 WL 1622262 * 8 (S.D.N.Y.). As stated before, a different corporation, not Emusica, was the purchaser of Valsyn's assets in the July 2005 agreement. Per the foregoing, it appears that Plaintiffs'

only recourse would be to amend the complaint and add Emusica as an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, if warranted. Plaintiffs may seek to leave to amend the complaint by **June 12, 2006.** Plaintiffs' motion under Rule 25(c) is **DENIED.**

**SO ORDERED.**